## BOARD OF EDUCATION OF CITY OF LAWTON *et al.* v. SCHOOL DIST. NO. 49.

### No. 623.  Opinion Filed November 16, 1910.

#### Rehearing Denied March 21, 1911.

#### (114 Pac. 742.)

**NEW TRIAL—Grounds of Motion.** Where plaintiff by uncontradicted evidence sustains the averments of the petition, and the court, after hearing the same, dismisses the action, plaintiff's remedy, if aggrieved, is to file a timely motion for a new trial, containing appropriate assignments and, on its denial, to appeal; and in such a case the granting of a motion for new trial, filed after the term, on the ground of newly discovered evidence, which, if produced, would have been incompetent, is error.

(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Action by School District No. 49 against the Board of Education of the City of Lawton and another. There was a judgment dismissing the petition. From a subsequent judgment, granting a new trial, defendants bring error. Reversed.

*J. H. Travers,* for plaintiffs in error.
*Earl & Jennings,* for defendant in error.

DUNN, C. J.  This case presents error from the district court of Comanche county. The controversy involved grew out of substantially the following facts;  November 20, 1905, on a written petition, the board of education of the city of Lawton made an order attaching certain territory, which constituted a portion of school district No. 49, to the school district of the city of Lawton. Action was begun by school district No. 49, as plaintiff, to annul and set aside this order, and on a trial had in the district court on October 10, 1907, the court, on considering the evidence offered, dismissed plaintiff's petition, and on the same day

Vol. 28—21

adjourned *sine die*.    On October 12, 1907, two days after the court's adjournment, counsel for plaintiff filed a motion for new trial on the ground that the decision was not supported by the evidence and was contrary to law.    This motion was, as counsel state in their brief, confessed by them as not having been filed in time, and the court dismissed it.    Thereafter, and on the 8th of February, 1908, some four months later, counsel for plaintiff filed what they term a "petition for new trial," setting up certain alleged newly discovered evidence.    The record made by the trial court on the trial of the cause is not before us; but it is contended on the part of counsel for plaintiff that the averments of their petition were sustained, and that the proof offered showed conclusively that the petition and the evidence offered before the board of education of the city of Lawton were insufficient upon which to base the order made attaching the territory involved. And it is claimed that that court, on the trial of the action, dismissed plaintiff's petition and denied it a judgment under the theory that the board of education may perhaps have had oral petitioners or applicants in addition to those shown by the written petition, and that the evidence offered by plaintiff did not overcome or rebut such a contingency or presumption.    Of the judgment rendered by the court, counsel for plaintiff say, in language more vigorous than professional, "The decision of the trial court was wrongful, and the court knew it was contrary to law, and doing violence to the law, and a great injustice and wrong to defendant in error."    Counsel in their petition for a new trial, and it is their sole reliance, say of the ruling of the court:

"Your petitioner was very much surprised at the finding of the court, and your petitioner could not with reasonable diligence have discovered said evidence before said trial, but has discovered new evidence at the subsequent term from that at which judgment was rendered.    That said newly discovered evidence, which is material, could not with reasonable diligence have been discovered and produced at the trial, for the reason that it was not known until after the trial, and so decided by the court, that it was necessary to produce evidence or make proof that there were

not other oral petitioners in addition to the written petitioners made to the board of education of the city of Lawton to attach certain territory belonging to school district No. 49."

No reliance whatever is placed by counsel for plaintiff on the motion for new trial filed October 12, 1907, in which the validity and legality of the judgment of the trial court was challenged. Counsel for defendant insists that, if the judgment was erroneous, plaintiff's relief was in filing a timely motion for new trial on the grounds alleged in the motion filed out of time, and, should it be denied, secure a reversal of the order or judgment on appeal; that, the plaintiff having sustained by uncontradicted evidence the averments of his petition, which the court dismissed, plaintiff's remedy, under the theory adopted by both parties for the trial of the action, was not one calling for an additional supply of evidence, but for a correct application of the law. Hence counsel for defendant insist that the court committed reversible error in the allowing of a new trial on the petition filed, and also for the further reason that the same was wholly wanting in all of the necessary elements of such a motion. The question presented to us is purely one of law, and we are inclined to agree with counsel for defendant in both contentions. If the court on the trial of the action rendered an erroneous judgment on the pleadings and the evidence, then clearly the remedy was to secure a new trial, and, failing therein, to appeal to secure a review of the proceeding. That this was the proper procedure plaintiff recognized, by filing its first motion for new trial, and, on the abandonment thereof, a judgment rendered, so far as that proceeding was concerned, was final. The conclusion, therefore, must follow that the court erred in sustaining the motion for new trial, filed after the term, on the ground of newly discovered evidence, as, under plaintiff's contention in the brief filed, the evidence, if supplied, was not such as the court could consider.

The judgment of the trial court, granting a new trial, is accordingly reversed.

All the Justices concur.